UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIRGINIA KEANE for
ROBERT PARCELLES,

       Plaintiff,

v.                                         Case No.: 8:04-CV-1638-T-24MAP

JO ANNE BARNHART,
Commissioner of
Social Security,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff, on behalf of her deceased son, appeals the administrative law judge's determination that she is not entitled to disability insurance benefits ("DIB"). The ALJ awarded Parcelles supplemental security income payments ("SSI") benefits and denied him DIB, finding him disabled as of July 10, 2001. Plaintiff claims the ALJ erred in doing so and should have found Parcelles disabled on or before December 31, 1999, the date he was last insured for benefits, thus entitling him to DIB benefits too. She also asserts error because the ALJ failed to consider Listing 4.04(C)(1)(a), Parcelles's impairments in combination, failed to give proper weight to her treating doctor's opinion, and failed to consult a vocational expert. Finally, she asserts the Appeals Council erred by failing to remand for consideration of new evidence and neglecting to provide her counsel with an audible tape from the administrative hearing. After considering Plaintiff's arguments and the administrative record, I find the ALJ's decision is supported by substantial evidence and recommend the Plaintiff's

complaint be dismissed.[1]

*A. Background*

Robert Parcelles passed away on December 18, 2003, due to cardiac arrest, respiratory arrest, end stage emphysema, and smoking (R. 507). His mother seeks benefits on his behalf claiming he became disabled on December 31, 1999, or earlier, due to diabetes mellitus, heart attacks, hypothyroidism, high blood pressure, COPD, sleep apnea, diverticulitis, and fatigue.[2] Parcelles, who was 57 years old at the time of the administrative hearing, had a master's degree in biology and worked as a field biologist/ environmental consultant, free lance photographer, and computer software salesman. The ALJ found him disabled and unable to perform his past relevant work or any other work as of July 10, 2001 (R. 31), but concluded Parcelles was not disabled and retained the residual functional capacity to perform his past relevant work as a field biologist/ environmental consultant, freelance photographer, and computer software salesman on and prior to December 31, 1999. Thereafter, Plaintiff exhausted her administrative remedies and filed suit in this Court.

*B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence,

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(c)(21).

[2] The ALJ accurately reports Parcelles's medical history and I adopt that portion of his decision for purposes of this report and recommendation (R. 23-29).

the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 CFR § 404.1520(f).  In reviewing the ALJ's findings, this court must ask if substantial evidence supports them.  *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994).  The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton, supra,* at p. 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    *C. Discussion*

        *1. Onset date*

In this case, as in others, the onset date is critical because it affects whether Plaintiff is entitled to DIB.  While a claimant may collect SSI benefits under Title XVI only as of the date of

an application, regardless of how long he has suffered from his disability, a claimant may collect DIB under Title II up to 12 months prior to filing a DIB application, provided he had insured DIB status during that period of disability. See 20 C.F.R. §§ 416.335; 404.131; 404.315. Here, Parcelles's last date of insured status was December 31, 1999, and he is only entitled to DIB upon a showing of disability onset on or prior to that date.

In denying DIB, the ALJ noted that Parcelles reported in his applications for benefits (R. 61) he was unable to work since October 15, 1999, when he quit his job as a software salesperson. According to a pertinent Social Security ruling, the onset date of disability is the first day an individual is disabled as defined in the Act and the regulations. *See* SSR 83-20 (1983). Factors relevant to the determination of disability onset include the claimant's allegation, the work history, and the medical evidence. *Id.* In disabilities of non-traumatic origin, the alleged onset date should be used if it is consistent with the record evidence. "The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous 12 month period." *Id.*

The ALJ focused on whether Parcelles was disabled from the alleged onset date of October 15, 1999, through December 31, 1999, however he reviewed and discussed the medical evidence pre-dating that time before reaching his disability determination. As the ALJ summarized, Parcelles's diabetes was intermittently controlled. Aside from two hospitalizations in May 1996 and December 1998, his cardiac condition was stable. Complaints of COPD/ asthma problems were sporadic (in December 1997 (R. 208-09), March 1998 (R. 207), May 1998 (R. 200), August 1998 (R. 1998), October 1998 (R. 358), November 1998 (357), and November 1999 (R. 354)). On some

4

dates he reported no breathing difficulties (in August 1998 (R. 350), September 1998 (R. 192), October 1998 (R. 188), and September 1999 (R. 355).  Hence, the medical evidence and work history are consistent with the alleged onset date.  Substantial evidence supports the ALJ's conclusion that Parcelles was not disabled on or before December 31, 1999.

*2. Listing 4.04(C)(1)(a) and Parcelles's impairments in combination*

Plaintiff asserts the ALJ erred by failing to find Parcelles disabled under Listing 4.04(C)(1)(a).  However, as the Commissioner notes, this Listing requires a claimant to show coronary artery disease with (1) angiographic evidence revealing a fifty percent or more narrowing of a non-bypassed left main coronary artery, and (2) evidence that it resulted in marked limitation of physical activity, as demonstrated by fatigue, palpitation, dyspnea, or anginal discomfort on ordinary physical activity, even though he was comfortable at rest.  20 C.F.R. pt. 404, subpt., app. 1, § 4.04(C)(1)(a).  Plaintiff posits that an October 1998 cardiac catheterization revealed seventy percent disease in the left circumflex coronary artery and the December 1998 atherectomy was only on the left anterior descending artery and not the left circumflex coronary artery.  The record medical evidence, however, describes the left circumflex coronary artery as a "nondominant vessel consisting of two obtuse marginals and posterolateral branch" (R. 145), and I cannot find that narrowing of this vessel satisfies Listing 4.04(C)(1)(a).  Furthermore, as the Commissioner asserts, even assuming Plaintiff satisfies the first prong of the Listing, she has failed to present evidence that Parcelles had marked limitations of physical activity during the relevant time period.  Although some of the medical reports indicate he experienced fatigue, dyspnea, or shortness of breath, the complaints failed to rise to the level required to satisfy the Listing during the time period prior to December 31, 1999.

Likewise, I find the ALJ considered Parcelles's impairments in combination as required by the regulations. After reciting that an impairment or combination of impairments is not severe and a finding of not disabled is made when the medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work (R. 22), the ALJ summarized the relevant medical evidence and concluded Parcelles was not disabled on or prior to December 31, 1999. In reaching this conclusion, the ALJ noted that Parcelles's diabetes mellitus and coronary artery disease required much less treatment and evaluation after he stopped working that while he was employed. And, the ALJ found Parcelles's "minor impairments have represented a combination of only slight abnormalities that have had no more than a minimal effect on the claimant's ability to work on or before December 31, 1999" (R. 28). Hence, I find the ALJ properly considered Parcelles's impairments in combination prior to December 31, 1999, and his finding of no disability is supported by substantial evidence.

### 3. Treating doctor's opinion

Plaintiff suggests the ALJ should have inferred from Dr. Stark's opinion that Parcelles became disabled in January 2000, that he was actually disabled in December 1999, prior to the time his insured status expired. However, after reviewing the ALJ's written decision, I find substantial evidence supports his decision to accord little weight to Dr. Stark's opinion. First, ultimate determinations of disability are left for the ALJ, and the ALJ is under no obligation to give special deference to the conclusions of treating physicians on that issue. *See* 20 C.F.R. §§ 404.1527, 416.927(e). Moreover, Dr. Stark's medical records dated March 29, 1999, July 19, 1999, December 6, 1999, February 10, 2000, and July 6, 2000, show that Parcelles's coronary artery disease was

stable. As the ALJ noted, aside from his two hospitalizations, the objective medical evidence shows that Parcelles did not suffer from any disabling impairments as of January 1, 2000 (R. 29). Accordingly, the ALJ's decision to reject Dr. Stark's opinion is not error.

       *4. New evidence*

Plaintiff asserts the Appeals Council erred by failing to consider the new evidence she submitted, and maintains that this Court should remand to the ALJ to consider the new evidence. Remand is appropriate only where the claimant can show that (1) new, noncumulative evidence exists; (2) the evidence is material in that it is relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level. *Falge,* at 1323. The new evidence Plaintiff presents is a letter from Dr. Stark prepared on July 2, 2003, stating that "there has been evidence of decreasing health and evidence that he has been disabled and unable to work dating back to October of 1999" (R. 458) and a letter from Dr. McCormick prepared on June 16, 2003, stating that he treated Parcelles from 1992 to January 2000 for severe COPD with asthma requiring oxygen, severe and brittle diabetes mellitus with frequent hypoglycemic attacks, sleep apnea, bipolar disorder with recurrent anxiety, and cardiac disease with one myocardial infarction and opining that Parcelles became completely disabled sometime in 1999 (R. 457). Plaintiff claims these letters document the severity of Parcelles's problems prior to July 10, 2001 and there is a reasonable possibility this evidence would change the outcome below.

Upon review, I find the letters, although new, are cumulative since they contain no new medical evidence and are immaterial since they do not create a reasonable possibility that the administrative outcome could be different. Moreover, the ultimate determination of disability is

left for the ALJ who is under no obligation to give special deference to the conclusions of treating physicians on that issue. *See* 20 C.F.R. §§ 404.1527, 416.927(e). I find that the ALJ's decision to deny disability benefits is substantially supported by the record as a whole. I therefore recommend that the complaint be dismissed for the reasons stated in this report.

### *5. Audible tape and vocational expert*

Plaintiff contends the Appeals Council violated his due process rights by failing to provide an audible tape from the administrative hearing. However, she failed to show prejudice resulted and I find her argument meritless. Likewise, Plaintiff's contention that the ALJ should have consulted a vocational expert is meritless because the ALJ reached his disability determination at step 4 on past relevant work.

### *D. Conclusion*

In sum, the ALJ's decision denying DIB is supported by substantial evidence. Accordingly, it is

RECOMMENDED:

1. that the complaint be dismissed for the reasons stated in this report.

IT IS SO REPORTED at Tampa, Florida on February 16, 2006.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

8

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).


Copies furnished to:
The Honorable Susan C. Bucklew
Counsel of Record